%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Angel Menendez

## DEFENDANTS
Mark Robb and Jersey Cartage, LLC

(b) County of Residence of First Listed Plaintiff   Philadelphia County, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Gloucester County, NJ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jeffrey I. Zimmerman, Esq., 175 Bustleton Pike, Feasterville, PA 19053, (215) 698-1800

Attorneys (If Known)
Theodore M. Schaer, Esquire, 1818 Market Street, 13th Fl, Philadelphia, PA 19103, (215) 569-2800

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332 (a)(1)
Brief description of cause:
Motor Vehicle bodily injury case

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                                   DOCKET NUMBER

DATE                                   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: ___1936 N. Mascher Street, Philadelphia, PA 19122___

Address of Defendant: ___Mark Robb – 26 Harvard Avenue, Westville, NJ 08093 / Jersey Cartage, LLC – 167 Braddock Avenue, Hammonton, NJ 08037___

Place of Accident, Incident or Transaction: ___Southbound on Girard Avenue exit ramp for I-95 in Philadelphia, Pennsylvania___
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☐   No ■

Does this case involve multidistrict litigation possibilities?     Yes ☐   No ■

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ■

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ■

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ■

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ■

CIVIL: (Place √ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ■ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____  _____  _____
                               Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I, Theodore M. Schaer, certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __09-12-13__   ___TMS3879___   ___PA49580___
                     Attorney-at-Law   Attorney I.D.#

CIV. 609 (6/08)

**APPENDIX I**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| ANGEL MENENDEZ | : |
| | : CIVIL ACTION |
| v. | : |
| | : |
| MARK ROBB | : |
| | : |
| and | : |
| | : NO. |
| JERSEY CARTAGE, LLC | : |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| __09-12-13__ | __THODORE M. SCHAER__ | __DEFENDANTS__ |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| __(215) 569-2800__ | __(215) 569-1606__ | tmschaer@zarwin.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL MENENDEZ | : |
| | : CIVIL ACTION |
| vi. | : |
| | : |
| MARK ROBB | : |
| | : |
| and | : |
| | : NO. |
| JERSEY CARTAGE, LLC | : |

## RULE 7.1 DISCLOSURE STATEMENT FORM

__X__ The nongovernmental corporate party, Jersey Cartage, LLC, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

_____ The nongovernmental corporate party,_____ in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock: _____
_____.

ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.

BY:____TMS3879_____
THEODORE M. SCHAER, ESQUIRE
1818 Market Street, 13th Floor
Philadelphia, PA 19103
215-569-2800
TMSCHAER@ZARWIN.COM

DATE: 9-12-13

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL MENENDEZ | : CIVIL ACTION |
| vi. | : |
| MARK ROBB | : |
| and | : |
| JERSEY CARTAGE, LLC | : NO. |

## RULE 7.1 DISCLOSURE STATEMENT FORM

__X__ The nongovernmental corporate party, Jersey Cartage, LLC, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

_____ The nongovernmental corporate party,_____ in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock: _____

ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.

BY: __TMS3879__
THEODORE M. SCHAER, ESQUIRE
1818 Market Street, 13th Floor
Philadelphia, PA 19103
215-569-2800
TMSCHAER@ZARWIN.COM

DATE: 9-12-13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL MENENDEZ | : |
| | : CIVIL ACTION |
| v. | : |
| | : |
| MARK ROBB | : |
| | : |
| and | : |
| | : NO. |
| JERSEY CARTAGE, LLC | : |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1441(b), Defendants, Mark Robb and Jersey Cartage, LLC, by their attorneys, Zarwin Baum DeVito Kaplan Schaer & Toddy, P.C., remove this action to the United States District Court for the Eastern District of Pennsylvania, and in support thereof state as follows:

1. Plaintiff commenced this action in the Court of Common Pleas of Philadelphia County, on or about August 26, 2013.

2. Plaintiff is a citizen of the Commonwealth of Pennsylvania who resides at 1936 N. Mascher Street, Philadelphia, PA 19122.

3. Defendant, Mark Robb, is a citizen of the State of New Jersey with a principal residence at 26 Harvard Avenue, Westville, NJ 08093

4. Defendant, Jersey Cartage, LLC, is a New Jersey corporation with its principal place of business at 167 Braddock Avenue, Hammonton, New Jersey 08037.

5. Plaintiff is seeking compensation for alleged personal injuries that allegedly resulted from a motor vehicle accident on October 24, 2011.

6. Upon information and belief, Plaintiff seeks to recover damages for an amount in excess of $75,000.

7. As there is complete diversity of citizenship between the parties and the amount in controversy is in excess of $75,000, there is subject matter jurisdiction over this case pursuant to 28 .U.S.C.§1332(a).

8. This matter is removable pursuant to 28 U.S.C. §1441(b) as there is complete diversity of citizenship between the parties and none of the Defendants are citizens of the Commonwealth of Pennsylvania.

9. The removal of this matter from state to federal court is proper under 28 U.S.C. §1446 where the initial pleading sets forth the claim for relief upon which the action is based and where the Complaint was filed and served upon Defendants less than thirty (30) days prior to the date this Notice of Removal was filed.

10. Pursuant to 28 U.S.C. §1446 filed herewith and by reference made a part hereof is a true and correct copy of all process, pleadings and orders served upon Defendants in this action.

WHEREFORE, notice is hereby given of removal of the above matter from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

          **ZARWIN, BAUM, DeVITO, KAPLAN, SCHAER & TODDY, P.C.**

          **BY:    TMS3879**
          **THEODORE M. SCHAER, ESQUIRE**
          1818 Market Street, 13th Floor
          Philadelphia, PA 19103
          215-569-2800
DATE: 9-12-13          TMSCHAER@ZARWIN.COM

## CERTIFICATE OF SERVICE

I, THEODORE M. SCHAER ESQUIRE certify that I served a copy of this Notice of Removal on the **12th** day of **September, 2013**, by First Class U.S. Mail postage pre-paid to the following:

>Jeffery I. Zimmerman, Esquire
>Rovner, Allen, Rovner, Zimmerman & Nash
>175 Bustleton Pike
>Feasterville, PA 19053

>**ZARWIN, BAUM, DeVITO, KAPLAN,**
>**SCHAER & TODDY, P.C.**

>**BY:** ___TMS3879___
>**THEODORE M. SCHAER, ESQUIRE**
>1818 Market Street, 13th Floor
>Philadelphia, PA 19103
>215-569-2800
>TMSCHAER@ZARWIN.COM1

**Case 2:13-cv-05323-JS   Document 1   Filed 09/12/13   Page 9 of 16**

**EXHIBIT "A"**

# Court of Common Pleas of Philadelphia County
## Trial Division
# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**
AUGUST 2013      002766
E-Filing Number: 1308042402

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ANGEL MENENDEZ | MARK ROBB |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1936 N. MASCHER STREET<br>PHILADELPHIA PA 19122 | 26 HARVARD AVENUE<br>WESTVILLE NJ 08093 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | JERSEY CARTAGE, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 350 BENIGNO BOULEVARD<br>BELLMAWR NJ 08031 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration  [ ] Mass Tort  [X] Commerce  [ ] Settlement<br>[X] Jury  [ ] Savings Action  [ ] Minor Court Appeal  [ ] Minors<br>[ ] Non-Jury  [ ] Petition  [ ] Statutory Appeals  [ ] W/D/Survival<br>[ ] Other: |

**CASE TYPE AND CODE**
2V - MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED<br>PRO PROTHY<br>AUG 26 2013<br>S. GARRETT | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES  NO |
|---|---|---|

**TO THE PROTHONOTARY:**
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ANGEL MENENDEZ
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JEFFREY I. ZIMMERMAN | 175 BUSTLETON PIKE<br>FEASTERVILLE PA 19053 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215) 953-2706 | (215) 355-0940 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 30600 | jschm47740@aol.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JEFFREY ZIMMERMAN | Monday, August 26, 2013, 09:28 am |

FINAL COPY (Approved by the Prothonotary Clerk)

ROVNER, ALLEN, ROVNER,
ZIMMERMAN & NASH
By: Jeffrey I. Zimmerman, Esquire
Attorney I.D. No. 30600
175 Bustleton Pike
Feasterville, PA 19053
(215) 953-2706

Attorney for Plaintiff



| | |
|---|---|
| ANGEL MENENDEZ<br>1936 N. Mascher Street<br>Philadelphia, PA 19122 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>TERM, 2013 |
| v. | NO.: |
| MARK ROBB<br>26 Harvard Avenue<br>Westville, NJ 08093<br>and<br>JERSEY CARTAGE, LLC<br>350 Benigno Boulevard<br>Bellmawr, NJ 08031 | ASSESSMENT OF DAMAGES<br>HEARING IS REQUIRED<br><br>JURY TRIAL DEMANDED<br>TWELVE JURORS REQUESTED |

## CIVIL ACTION COMPLAINT

### "NOTICE"

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.
    LAWYER REFERENCE SERVICE
    One Reading Center
    1101 Market Street
    Philadelphia, Pennsylvania 19107
    (215) 238-6333

### "AVISO"

"Le han demandado en corte. Si usted desea defender contra las demandas dispuestas en las páginas siguientes, usted debe tomar la acción en el plazo de veinte (20) días después de esta queja y se sirve el aviso, incorporando un aspecto escrito personalmente o y archivando en escribir con la corte sus defensas u objeciones a las demandas dispuestas contra usted el abogado le advierte que que si usted no puede hacer así que el caso puede proceder sin usted y un juicio se puede incorporar contra usted compra la corte sin aviso adicional para cualquier dinero demandado en la queja o para cualquier otra demanda o relevación pedida por el demandante. Usted puede perder el dinero o la característica de otra endereza importante a usted.

USTED DEBE LLEVAR ESTE PAPEL SU ABOGADO INMEDIATAMENTE. SI USTED NO HACE QUE UN ABOGADO VAYA A O LLAME POR TELÉFONO La OFICINA DISPUESTA ABAJO. ESTA OFICINA PUEDE PROVEER DE USTED LA INFORMACIÓN SOBRE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PERMITIRSE AL HIRE A UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACIÓN SOBRE LAS AGENCIAS QUE LOS SERVICIOS JURÍDICOS DE LA OFERTA DE MAYO A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGÚN HONORARIO
        SERVICIO DE REFERENCIA LEGAL
        One Reading Center
        1101 Market Street
        Filadelfia, Pennsylvania 19107
        Teléfono (215) 238-6333

Case ID: 130802766

1. The Plaintiff, Angel Menendez, is an adult individual and resides at 1936 N. Mascher Street, Philadelphia, PA 19122.

2. The Defendant, Mark Robb, is an adult individual and resides at 26 Harvard Avenue, Westville, NJ 08093.

3. The Defendant, Jersey Cartage, LLC, is a corporation or other business entity created and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business and/or registered office for acceptance of service at 350 Benigno Boulevard, Bellmawr, NJ 08031, said business conducting business in the Commonwealth of Pennsylvania.

4. At all times relevant and material to this Complaint, the Defendant, Mark Robb, was the employee, agent or servant of the Defendant, Jersey Cartage, LLC, and was acting in the course and scope of his employment and/or agency, or was acting in the course of a joint venture or common purpose with the said Defendant and was a permissive user of the vehicle owned by the Defendant at the time of the subject accident.

5. At all times material and relevant to this Complaint, the Defendant, Jersey Cartage, LLC, acted through the conduct of its servants, agents and employees, including the Defendant, Mark Robb, said person acting within the course and scope of his employment and/or agency or was acting in the course of a joint venture or common purpose with the said Defendant.

6. On or about October 24, 2011, at or about 1:30 p.m., the Plaintiff, Angel Menedez, was the operator of a motor vehicle traveling southbound on the Girard Avenue exit ramp for I-95 in Philadelphia, Pennsylvania, and the Defendant, Mark Robb, was the operator of a tractor-trailer registered in the State of New Jersey and owned by the Defendant, Jersey Cartage, LLC, traveling southbound on the said roadway when, at which time and place, suddenly and without warning, the Defendant attempted to pass the Plaintiff on his right side by traveling on the berm or shoulder of the roadway, in the course of which he violently struck the right side of the Plaintiff's vehicle, thereby causing the Plaintiff to suffer severe and debilitating injuries.

7. This accident resulted solely from the negligence of the Defendant herein, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

Case ID: 130802766

8. The Plaintiff is entitled to bring this action and recover damages as if he had elected the full tort option pursuant to 75 Pa. C.S.A. §1705 (d)(1)(ii), as the Defendant's vehicle was registered in a state other than the Commonwealth of Pennsylvania and, in the alternative, the Plaintiff suffered a serious injury involving a serious impairment of body function and/or permanent serious disfigurement as defined by 75 Pa. C.S.A. §1702 and is therefore entitled to bring this action and recover damages pursuant to 75 Pa. C.S.A. §1705 (d).

9. The negligence of the Defendants herein, consisted inter alia, jointly and severally, of the following:

    (a) failure to properly operate and control their motor vehicle;

    (b) driving at an excessive and unsafe rate of speed under the circumstances and the location;

    (c) violating the Plaintiff's right of way;

    (d) attempting to execute an illegal and unsafe passing maneuver;

    (e) illegally and improperly operating his vehicle in the shoulder or berm of the road;

    (f) illegally and improperly passing another vehicle on the right;

    (g) encroaching upon the Plaintiff's lane of travel;

    (h) failing to maintain a proper and adequate lookout;

    (i) violations of the Ordinances of the County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania governing the operation of motor vehicles on the streets and highways;

    (j) negligence per se; and

    (k) such other acts of negligence as shall be revealed by discovery.

10. As a result of this accident, the Plaintiff has suffered injuries which are serious and permanent, including, but not limited to injuries to his neck, right arm, right hand and back; contusions and abrasions; severe damage to the nerves and nervous system and various other ills and injuries.

Case ID: 130802766

11. As a further result of this accident, the Plaintiff has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services as described in 75 Pa. C.S.A. §1712(1) for the injuries suffered and to incur various expenses for said treatment and services which may be in excess of $5,000.00 or the applicable medical benefit policy limits, said expenses not in excess of $100,000.00 pursuant to 75 Pa. C.S.A. §§1711, 1715(1) and 1766.

12. As a further result of this accident, the Plaintiff has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries he has suffered, and to incur various expenses for said treatment and services, and he may incur various reasonable and necessary future medical expenses from the injuries sustained, and the Defendants are liable for all of same.

13. As a further result of this accident, the Plaintiff has suffered an injury which may be in full or part a cosmetic disfigurement which is or may be permanent, irreparable or severe.

14. As a further result of this accident, the Plaintiff has or may sustain and may continue to sustain an actual loss of his gross income as defined in Pa.C.S.A. §1712 (2); said loss of income which has or may exceed $5,000.00 or the applicable income loss benefits policy limits, if any, pursuant to 75 Pa.C.S.A. §§1711 and 1715 (2).

15. As a further result of this accident, the Plaintiff has or may suffer severe impairment of his earning capacity and power.

16. As a direct and reasonable result of the accident aforementioned, the Plaintiff has or may hereafter incur other financial expenses or losses which have or may exceed amounts which he may otherwise be entitled to recover pursuant to the Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. §1701, et seq., including, but not limited to, damage to his motor vehicle, rental, storage and towing expenses and damage to vehicle contents, or the applicable deductible therefore.

17. As a further result of the accident aforementioned, the Plaintiff has suffered severe physical pain, aches, mental anguish, and humiliation, inconveniences and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

18. As the direct result of this accident, the Plaintiff has been unable to attend to his daily chores, duties and occupations, and may be unable to do so for an indefinite period of time in the future.

**WHEREFORE**, the Plaintiff, Angel Menendez, demands damages of the Defendants herein, jointly and severally, in a sum in excess of $50,000.00, plus interest, costs and attorneys fees.

                              **ROVNER, ALLEN, ROVNER, ZIMMERMAN & NASH**

                      By: /s/Jeffrey I. Zimmerman
                          JEFFREY I. ZIMMERMAN, ESQUIRE
                          Attorney for Plaintiff,
                          Angel Menendez

Case ID: 130802766

## VERIFICATION

Angel Menendez, being duly sworn according to law, deposes and says that he is the Plaintiff herein, and that the facts set forth in the foregoing pleading are true and correct to the best of his knowledge, information and belief.

This statement is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

X *Angel I. Menendez*

Dated: 8-26-13

Case ID: 130802766